[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action to foreclose a mortgage on an office building, the plaintiff moves for appointment of a receiver pursuant to P.B. 504 et. seq. At the time of the hearing on the motion, the debt was $30,855,923.04 and the value of the mortgaged property was $12,000,000.
After the motion was filed, the parties entered into a written agreement with Cushman and Wakefield pursuant to which the latter undertook to augment its existing property management agreement with the defendant by collecting rents and paying certain bills, both nonrecurring and recurring. The defendant argues that with this agreement in place there is no need to have a receiver and that such an appointment would not only be superfluous but it would have a chilling effect on the owner's ability advantageously to negotiate lease renewals, several of which will mature while this litigation is in progress.
It further resists on the grounds that present tenants may leave and prospective tenants will be discouraged by the presence of a receiver. Finally, the defendant claims that a receiver's existence will detrimentally affect the value of the premises and hence the defendant's ability to refinance its mortgage or market the property for sale and lease. While these certainly are important factors for the court to weigh and balance they are not overriding considerations.
The plaintiff points out that the letter agreement is limited by its terms and does not cover such issues such as (a) the right to determine the need for repairs in excess of $2,500; (b) the right to collect rent arrearages or institute summary process proceedings CT Page 8996 against recalcitrant tenants; (c) the right to represent the owner in lease negotiations, among other omissions.
The plaintiff also notes that besides the gross disparity between debt and value, certain repairs must be made to the premises to preserve it from deterioration. It also cites the fact that $250,000 in municipal taxes are in arrears.
While the principal consideration in Connecticut is whether the foreclosing mortgagee faces a threat of waste or loss, Hartford Federal Savings and Loan Association v. Tucker, 196 Conn. 172,175 (1985), there are additional factors which should be taken into account. These are: (1) whether the security is inadequate to satisfy the debt; (2) insolvency or doubtful financial standing of the mortgagor; (3) whether the litigation is likely to be protracted; (4) the likelihood of success by the mortgagee in the foreclosure action. U.S. v. Mountain Village Company,424 F. Sup. 822, 828 (1976); 4 Pomeroy Equity Jurisprudence, Sec. 1331 at 921.
There was no evidence of the financial standing of the defendant. However, the disparity between debt and value is so great that a paramount objective ought to be for the court to take appropriate measures, pendente lite, which are available to it to reduce further loss to the plaintiff. To be sure it is difficult at this point in the proceeding to evaluate the numerous special defenses and the counterclaim but if the defendant were to try them to a conclusion, the litigation is likely to be protracted.
The defendant contends that the disputes between mortgagor and mortgagee are theoretical only and not realistic. Such a claim is refuted by the evidence which shows that the parties disagree over whether repairs recommended by an engineering consultant as "immediate" should or should not be made. It is apparent that at least those which involve water infiltration could have a harmful effect on the structure and therefore on the value of the building. Inaction stemming from such disagreement will produce further deterioration of the asset and consequent tenant dissatisfaction.
At the time of trial, $250,000 worth of real estate taxes were past due the city of Stamford. While this fact is hardly determinative it is a further indication of the managerial indecisiveness that pervades the relationship between the plaintiff, the defendant and Cushman and Wakefield. Indeed, the plaintiff expressed an unwillingness to make these decisions, and Cushman and Wakefield CT Page 8997 indicated that in the event of a disagreement between owner and mortgagee it would have to favor the owner. Thus, for example, if the plaintiff believed it necessary to correct the water infiltration problem but the defendant refused to authorize the expenditure, the work would not be accomplished to the detriment of the building.
Exhibit 15 shows that at the end of the period covered by the report (the plaintiff claims four months while the defendant suggests a year) the property generated a net operating profit of $849,743.00. The evidence failed to disclose what happened to these funds.
Having weighed the factors discussed above, the court is lead to conclude that the interests of justice require that a receiver be appointed pursuant to P.B. Sec. 505. The court finds that any risk of reduced marketability for lease or sale is outweighed by the benefit which is likely to accrue to the plaintiff in curtailing its losses.
Accordingly, the court appoints Cushman and Wakefield as receiver and it is hereby ordered (a) to file a bond with surety in an amount sufficient to cover six (6) months gross rent; (b) to authorize such repairs as are necessary and proper to preserve the building from damage and deterioration from the elements; (c) to account to the court quarterly on a form which substantially follows P.B. form 601.6.
The defendant's alternative ameliorative proposals are unacceptable to the plaintiff. The defendant has provided the court with no statutory or other authority which would support the appointment of an attorney trial referee or a special master to resolve disputes between the parties in the context of a mortgage foreclosure proceeding. While this court has not hesitated in the past to appoint a special master to implement its orders in an equitable proceeding (Anione v. Burns, CV 293954 S, Danbury J.D., Mottolese, J.), such a remedy in a foreclosure proceeding is not, on the facts of this case, an appropriate substitute for a receiver.
Mottolese, Judge. CT Page 8998